Joshua H. Haffner, Esq. SBN 188652
jhh@haffnerlawyers.com
Trevor Weinberg, Esq. SBN 330778
tw@haffnerlawyers.com
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2625
Los Angeles, California 90071
Tel: (213) 514-5681
Fax: (213) 514-5682

Attorneys for Plaintiff Jackqueline Becerra Galarza,
By and Through her Guardian Ad Litem, Maria Galarza

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKQUELINE BECERRA GALARZA, a Minor, By and Through Her Guardian ad Litem, MARIA GALARZA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALTAMED HEALTH SERVICE CORPORATION, a California Corporation; KEVIN D. HALEY, M.D., an individual; DONALD E. MALDONADO, M.D., an individual and DOES 1-50, inclusive,<br><br>    Defendants. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>**(1) NEGLIGENCE – MEDICAL MALPRACTICE.**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff Jackqueline Becerra Galarza ("Jackqueline" or "Plaintiff"), by and through her guardian ad litem, Maria Galarza ("Galarza"), an individual, allege on information and belief as follows:

## **NATURE OF THE ACTION**

1. This action arises out of medical malpractice by Altamed Health Service Corporation ("Altamed"), Kevin D. Haley, M.D. ("Haley") and Donald E.

— 1 —
**COMPLAINT**

1  Maldonado, M.D. ("Maldonaldo") (collectively "Defendants), in failing to diagnose Plaintiff Jackqueline, a 21 month old infant, with having a battery inside her chest. Defendants' failed to provide the necessary pediatric care a reasonable and prudent provider would have given in a like or similar circumstance.

2.  Plaintiff Jackqueline saw Defendants from early- to mid-2019, manifesting symptoms consistent with blockage in her thoracic inlet. Despite Defendants' conducting consultations, examinations and treatment, Defendants negligently failed to properly diagnose and treat Plaintiff Jackqueline.

3.  Plaintiff Jackqueline's affliction, namely swallowing a battery, is common among infants. Defendants' failure to diagnose it, and the substantial delay in diagnosis and treatment, caused Plaintiff Jackqueline significant personal injury. As set forth fully herein, as a direct and proximate cause of Defendants' medical negligence, Plaintiff Jackqueline experienced difficulty breathing, esophageal stricture, abdominal pain, chest pain, vomiting, and shock. This culminated in surgery to dislodge the button battery from Plaintiff's thoracic inlet.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein one or more of the Defendants is a federal government entity. The acts and omissions complained of in this action took place, in whole or in part, in the State of California.

5.  Venue is proper because Plaintiff's injuries were sustained within the jurisdictional boarders of this Court, and at least one of the Defendants resides within the venue of this Court.

## THE PARTIES

6.  At all times relevant herein, Plaintiff Jackqueline Becerra Galarza was at all times relevant to this action an individual, residing in Los Angeles, California.

7.  At all times relevant herein, Maria Galarza ("Galarza") was Jackqueline's mother and was at all times Plaintiff's mother, and at all times

relevant to this action, an individual, residing in Garden Grove, California.

8. Plaintiff is informed and believes, and thereupon alleges, that Defendant Altamed Health Service Corporation is a medical provider located in Orange County, California, and is a public and/or nonprofit private entity receiving Federal funds under Sections 254b, 254c, 26, and/or 256a of the Public Health Services Act.

9. Plaintiff are informed and believe, and thereupon allege, that Defendant Donald E. Maldonado is an individual and was at all times relevant to this Complaint, residing in the State of California, and practicing as a licensed pediatrician Anaheim, California.

10. Plaintiff are informed and believe, and thereupon allege, that Defendant Kevin D. Haley, M.D. is an individual and was at all times relevant to this Complaint residing and licensed to practice medicine in the State of California.

11. Defendants Does 1 through 50, inclusive, whether individuals, corporations, associations or otherwise, are fictitious names of defendants whose true names and capacities are unknown to Plaintiff at this time. Each fictitiously named defendant, whether acting for itself or as an agent, corporation, association, or otherwise, is in some way liable or responsible to Plaintiff based on the facts and proximately caused injuries and damages as alleged herein. At such time as the Doe defendants' true names and capacities become known, Plaintiff will ask leave of Court to amend the Complaint to insert the Doe defendants' true names and capacities.

12. At all times relevant herein, Does 1 through 50, inclusive, were the agents, employees, supervisors, servants and joint venturers of Defendants and each other, and in doing the things hereafter alleged, were acting within the course, scope and authority of such agency, employment and joint venture and with the consent and permission of each of the other Defendants and Does 3 through 50. All actions of each defendant alleged in the causes of action into which this paragraph is

1  incorporated by reference were ratified and approved by the officers or managing
2  agents of every other defendant and Does 1 through 50.
3      13.   All allegations in this complaint are based on information and belief
4  and/or are likely to have evidentiary support after a reasonable opportunity for
5  further investigation or discovery.  Whenever allegations in this complaint are
6  contrary or inconsistent, such allegations shall be deemed alternative.

## FACTUAL ALLEGATIONS

14.   At the time of the incident giving rise to this action, Plaintiff Jackqueline was a 1-year-old infant.

15.   On or about March of 2019, Plaintiff Jackqueline began to exhibit fevers and vomiting.  Plaintiff Jackqueline progressively began having difficulty consuming solid and dry foods.  Over the next two months, Plaintiff Jackqueline began experiencing worsening secretions, coughing and vomiting.

16.   On or about April 2, 2019, Plaintiff Jackqueline was admitted to the Urgent Care Center of defendant Altamed with symptoms including phlegm in her chest and wheezing.  Defendants did not perform any tests upon Plaintiff Jackqueline in order to determine the cause of the symptoms.  Defendants' simply diagnosed Plaintiff with acute bronchiolitis and discharged her.

17.   On or about May 5, 2019, Plaintiff Jackqueline returned to defendant Altamed Clinic's Urgent Care center because she had been vomiting.  Plaintiff was diagnosed with a virus and tobacco exposure.

18.   Throughout this process, Defendant Maldanado was Plaintiff Jackqueline's primary care physician.  Defendant Maldanado continually assured Plaintiff's parents, specifically Galarza, that Plaintiff Jackqueline was in good health, even though her symptoms were getting worse.

19.   On May 26, 2019, Plaintiff Jackqueline was admitted to the emergency room at the Children's Hospital of Orange County.  There, Plaintiff Jackqueline received an x-ray and it was discovered that there was a battery in her thoracic inlet.

1  Plaintiff Jackqueline then had to undergo emergency surgery to remove the battery.

2  20.    Plaintiff has complied with all government claim requirements and/or
3  conditions necessary prior to filing this action.

4  21.    On or about March 4, 2020, Plaintiff filed an administrative tort claim
5  under the Federal Torts Claims Act, 28 U.S.C. §§ 1346(a), 2401 (b), 2671-80,
6  alleging that Defendants failed to diagnose and treat Plaintiff's condition as a result
7  of her swallowing the battery.

8  22.    On December 2, 2020, Plaintiff's administrative tort claim was denied.

## FIRST CAUSE OF ACTION
## NEGLIGENCE – MEDICAL MALPRACTICE
### (Against All Defendants and Does 1-50)

23.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs, as though fully set forth herein.

24.    At all times herein mentioned, Defendants owed a duty to Plaintiff to exercise and use skill, prudence, learning, knowledge and expertise in the diagnosis, care, and treatment of Plaintiff in accordance with the standard of care of competent, prudent, and reputable physicians, surgeons, hospitals, clinics, and health care facilities in the same or similar locality and under the same or similar circumstances as hereinafter alleged.

25.    Defendants, and each of them, agreed to perform and undertook to perform for medical services, medical counseling and/or medical care necessary which included, but was not limited to, examination, evaluation, diagnosis, prognosis, counsel, care and/or treatment of Plaintiff, and in so doing, the Defendants, and each of them, established a relationship with Plaintiff, giving rise to each Defendants' duty to Plaintiff to provide skillful and competent management of her health condition.

26.    Defendants and each of them breached their duty to Plaintiff to provide skillful and competent management of her health condition when they, through acts

and/or omission, so negligently, recklessly and carelessly cared for, counseled, opined, treated, diagnosed and/or rendered medical services upon Plaintiff in breach of the standard of care, and so negligently and carelessly operated, managed, controlled and conducted their services, activities and supervision in connection with Plaintiff Jackqueline's care and treatment that as a direct and proximate result thereof, Plaintiff Jackqueline suffered the injuries herein alleged.

27. As a direct and proximate cause of the aforementioned negligent acts, omissions, and breach of duties by Defendants, Plaintiff Jackqueline suffered significant and permanent injuries.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount according to proof;
2. For special damages in an amount according to proof;
3. For consequential damages in an amount according to proof;
4. For legal interest on judgment as allowed by law;
5. For costs of suit incurred herein; and
6. For any other and further relief as the Court deems just and proper.

Dated: February 16, 2021        By:  **HAFFNER LAW PC**

/s/ Trevor Weinberg
Joshua H. Haffner
Trevor Weinberg
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demand trial by jury of all claims and causes of action in this lawsuit.

Dated: February 16, 2021     By:   **HAFFNER LAW PC**

/s/ Trevor Weinberg
Joshua H. Haffner
Trevor Weinberg
*Attorneys for Plaintiff*